# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

FILED
COURT OF APPEALS
DIVISION II

2015 APR 21 AM 9: 04

STATE OF WASHINGTON

BY_____

DEPUTY

| | |
|---|---|
| TORI KRUGER-WILLIS, individually and on behalf of her marital community, | No. 45593-5-II |
| Appellant, | |
| v. | |
| HEATHER HOFFENBURG and JOHN DOE HOFFENBURG, and the marital community comprised thereof, | UNPUBLSIHED OPINION |
| Respondents, | |
| and | |
| DEREK S. LEBEDA and JANE DOE LEBEDA, and the marital community comprised thereof, | |
| Defendants. | |

MELNICK, J. — Tori Kruger-Willis appeals from the trial court's denial of her motion to require Heather Hoffenburg's attorney (defense counsel) to prove the authority under which he appeared. Where civil defense counsel admitted that he never had any contact with his purported client, the trial court abused its discretion by denying the motion. Accordingly, we reverse the trial court ruling and remand for further proceedings consistent with this opinion.

## FACTS

This action arose out of a motor vehicle collision that occurred in 2008. Hoffenburg drove a truck that struck and damaged Kruger-Willis's parked vehicle. GEICO, Hoffenburg's insurance company, paid to repair Kruger-Willis's vehicle. Kruger-Willis then sued Hoffenburg to recover

the diminished value of her repaired vehicle. GEICO hired defense counsel and paid the costs of Hoffenburg's defense pursuant to its contractual duty to defend her.[1]

Following a three-day trial, the jury rendered a verdict in Hoffenburg's favor. The trial court awarded Hoffenburg $11,490 in costs and attorney fees.[2] Kruger-Willis appealed the trial court's award of attorney fees and costs. In an unpublished opinion, we held that Hoffenburg had standing to recover fees and costs as the aggrieved party in the underlying action and was the prevailing party entitled to fees and costs, regardless of the fact that GEICO was defending her. *Kruger-Willis v. Hoffenburg*, noted at 173 Wn. App. 1024, slip op. at 5 (2013).

Following our decision, Kruger-Willis's counsel executed a check for $11,490 payable to Heather Hoffenburg despite defense counsel's request that the check be made out to Hoffenburg's insurer, GEICO. Defense counsel asked Kruger-Willis's counsel to reissue the check payable to GEICO, but Kruger-Willis's counsel refused, stating that GEICO was not a party to the suit. Defense counsel filed a motion to enforce the trial court's award of costs and attorney fees. In support of his motion, defense counsel stated that Hoffenburg had never been involved in the defense of the case against her, and that he (defense counsel) worked for GEICO. The trial court granted this motion, but named Hoffenburg and not GEICO as the judgment creditor.[3]

Kruger-Willis then filed a motion for defense counsel to produce or prove the authority under which he appeared, and to stay all proceedings until such authority was produced or

---

[1] Although Hoffenburg is not the named insured on the insurance contract with GEICO, she is an insured person under the terms of the contract because she drove the insured vehicle with permission of the named insured.

[2] The trial court awarded Hoffenburg costs and reasonable attorney fees because she was the prevailing party under RCW 4.84.250.

[3] The parties do not appeal this order.

provided. *See* RCW 2.44.030. During argument on this motion, defense counsel admitted that he had "not had contact with the named defendant in this lawsuit." Report of Proceedings (Aug. 9, 2013) at 25. However, defense counsel asserted that he had authority to appear for Hoffenburg under the terms of the insurance contract. The trial court denied Kruger-Willis's motion. Kruger-Willis appeals.

## ANALYSIS

I.    STANDARD OF REVIEW

This case involves the application of RCW 2.44.030:

> The court, or a judge, may, on motion of either party, and on showing reasonable grounds therefor, require the attorney for the adverse party . . . to produce or prove the authority under which he or she appears.

This statute expressly states that the trial court "may" require an attorney to prove his or her authority. RCW 2.44.030. In other words, RCW 2.44.030 vests authority in the trial court to require a showing of authority by an attorney, but nothing in the statute purports to *require* the court to do anything.

We typically interpret the word "may" as a permissive word that confers discretion on the trial court. *See Angelo Property Co. v. Hafiz*, 167 Wn. App. 789, 817 n.49, 274 P.3d 1075 (2012); *In re Guardianship of Johnson*, 112 Wn. App. 384, 387-88, 48 P.3d 1029 (2002). Therefore, we will review the trial court's denial of Kruger-Willis's motion to prove the authority under which defense counsel appears for abuse of discretion. "'A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.'" *In re Marriage of Valente*, 179 Wn. App. 817, 822, 320 P.3d 115 (2014) (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997)).

## II. TRIAL COURT RULING

Kruger-Willis assigned error to the trial court's denial of her motion under RCW 2.44.030 to require defense counsel to prove the authority under which he appears. We agree with Kruger-Willis that under the circumstances the trial court abused its discretion by denying the motion.

Defense counsel's admission that his purported client has never been involved in her own defense, that he has not had contact with the client, and that he works for her insurance company are reasonable grounds for the opposing party's motion to require counsel to prove the authority under which he appears. We hold that when, as here, a civil defense attorney states that he has never communicated with his client, it is manifestly unreasonable for the trial court to deny opposing counsel's motion to require counsel to prove the authority under which he appears.

The parties appear to invite us to decide whether defense counsel had authority to appear for Hoffenburg in this case. Because the trial court did not require defense counsel to prove the authority under which he appears, defense counsel has not had the opportunity to provide the requisite proof and the trial court has not had an opportunity to consider it. Therefore, we decline the parties' invitation to decide whether defense counsel had authority to appear for Hoffenburg in this case.

## III. ATTORNEY FEES

Hoffenburg requests costs and attorney fees in connection with this appeal pursuant to RAP 14.1. Because Hoffenburg is not the prevailing party on appeal, she is not entitled to an award under RAP 14.1.

4

We reverse the trial court ruling and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, P.J.

Lee, J.